**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Raul Francisco Padilla-Delgado,<br><br>Defendant. | No. CR-17-00774-001-TUC-RM (DTF)<br><br>**ORDER** |

Pending before the Court is Defendant Raul Francisco Padilla-Delgado's Appeal (Doc. 55) from the Magistrate Judge's Determination of Commitment (Doc. 39) and the Magistrate Judge's denial of Defendant's "Motion for Reconsideration and to Vacate the Order of Remand" (hereinafter, "Motion to Reconsider and Vacate Commitment Order") (Doc. 47). The Court held a hearing on September 23, 2019 and took the matter under advisement. (Doc. 59.) For the following reasons, the Appeal will be denied, except that the Court will alter the Magistrate Judge's Order of Commitment to specify that Defendant shall be committed to the custody of the Attorney General to be hospitalized in a suitable facility for a period of time not to exceed two months.

**I.    Background**

Defendant Padilla-Delgado was indicted on May 17, 2017 on four counts related to the possession and importation of methamphetamine. (Doc. 12.) According to the Complaint, when Defendant sought to enter the United States from Mexico at the

DeConcini Port of Entry in Nogales, Arizona, Border Patrol agents noticed an "abnormal bulge" in his pants. (Doc. 1.) A subsequent search revealed two packages of narcotics weighing approximately 1.42 kilograms in total. (*Id.*) After waiving his *Miranda* rights, Defendant stated that it was his first time attempting to smuggle narcotics across the border, that he did it out of financial need and because he was hungry, and that he did not know how much he was going to be paid for the smuggling. (*Id.*)

Defense counsel filed a Sealed Motion for Competency Evaluation on February 25, 2019. (Doc. 29.) On February 26, 2019, Magistrate Judge Ferraro ordered a competency evaluation with licensed psychiatrist Dr. Marisa Menchola. (Doc. 31.) On June 20, 2019, the Magistrate Judge found that Defendant was not competent. (Doc. 35.) On June 26, 2019, Defendant was ordered "committed to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time" pursuant to 18 U.S.C. § 4241(d) ("Commitment Order"). (Doc. 39.) Defendant filed a motion to stay the Commitment Order and a hearing was held on June 26, 2019, at which time Magistrate Judge Ferraro stayed the Commitment Order for one week. (Docs. 40, 41.) Defendant filed the Motion to Reconsider and Vacate Commitment Order on July 3, 2019. (Doc. 47.) The Government opposed the Motion (Doc. 49) and Defendant replied (Doc. 53). On August 6, 2019, Magistrate Judge Ferraro denied Defendant's Motion to Reconsider and Vacate Commitment Order but continued to stay the Commitment Order to allow time for the filing of a Notice of Appeal. (Doc. 54.) The Notice of Appeal was filed on August 8, 2019. (Doc. 55.)

**II.     Applicable Law**

Under 18 U.S.C. § 4241(d), if a court finds by a preponderance of the evidence that a defendant is incompetent to stand trial, "the court shall commit the defendant to the custody of the Attorney General," who "shall hospitalize the defendant for treatment in a suitable facility . . ." for a "reasonable period of time, not to exceed four months," to determine whether there is a "substantial probability" that the defendant will regain competency to stand trial "in the foreseeable future." 18 U.S.C. § 4241(d)(1).

Additionally, the defendant will be committed to the custody of the AG for an "additional reasonable period of time . . ." until either "the court finds . . . a substantial probability that . . . [the defendant] will attain capacity . . ." or the charges are disposed of, whichever is earlier. 18 U.S.C. § 4241(d)(2).

"The statutory scheme established by Congress clearly mandates that a defendant found to be incompetent be placed in a mental hospital for observation." *United States v. Shawar*, 865 F.2d 856, 859 (7th Cir. 1989); *see also United States v. Sherman*, 722 F. Supp. 504, 505–6 (N.D. Ill. 1989), *aff'd*, 912 F.2d 907 (7th Cir. 1990) (court has "no choice" but to commit defendant to the custody of the AG); *United States v. Lewis*, 5 F. Supp. 3d 515, 528 (S.D.N.Y. 2014) (finding commitment mandatory); *United States v. Stanford*, 769 F. Supp. 2d 1083 (S.D. Tex. 2011) (same). The "likelihood of recovery is not . . . to be considered by the district court in deciding whether to commit the defendant for the evaluation period." *Shawar*, 865 F.2d at 861. "The statute makes it clear . . . that once a defendant is found incompetent, the Government is entitled to an in-depth evaluation of him . . ." *Id*. Temporary commitment of an incompetent defendant to determine whether he will attain capacity within a reasonable period does not violate due process. *Id*. at 864; *cf. Jackson v. Indiana*, 406 U.S. 715, 733 (1972) (indefinite commitment of incompetent criminal defendant violated due process and equal protection).

In *United States v. Strong*, the Defendant argued that § 4241(d) was unconstitutional because it "requires mandatory confinement without giving the district court an opportunity to assess a defendant's individualized circumstances." 489 F.3d 1055, 1057 (9th Cir. 2007). He also asserted that § 4241(d) violated his fundamental liberty interest under the Due Process Clause. *Strong*, 489 F.3d at 1060–61. Relying heavily on the Supreme Court's decision in *Jackson*, the Ninth Circuit found that, because "commitment under § 4241(d) is both limited in duration and reasonably related" to the purpose for confinement, it is constitutional. *Strong*, 489 F.3d at 1063; *Jackson*, 406 U.S. 715. Crucially, the *Strong* court also determined that even if a defendant appears

non-restorable to competency prior to being committed, that fact does not preclude or undermine the need to commit the defendant. *Strong*, 489 F.3d at 1062. Such an argument "presumes an answer to the precise question to be determined through § 4241(d) commitment." *Strong*, 489 F.3d at 1062. The very purpose of the mandatory detention provision is to provide for a more thorough and accurate determination of restorability than could be achieved through a brief interview and medical record reviews. *Strong*, 489 F.3d at 1062.

Section 4241(d) limits mandatory commitment to a "reasonable period of time." *See United States v. Smith*, 764 F. Supp. 2d 541 (W.D.N.Y. 2011). In *Smith*, the defendant was found incompetent and the court ordered him committed pursuant to § 4241(d). *Smith*, 764 F.Supp.2d at 542. However, rather than hospitalizing the defendant for treatment in a suitable facility, the AG detained defendant in a local jail where he was kept in isolation and received no treatment or examination for ten weeks. *Id*. at 543, 545. In applying § 4241(d) to this situation, the court found that the statute did not explicitly limit the time period for a defendant's commitment to the custody of the Attorney General—it limited only the period of hospitalization, to a maximum of four months. *Id*. at 544–45. Out of concern that such an application of § 4241(d) would likely be unconstitutional, the court applied the rule of constitutional avoidance to construe § 4241(d) to also limit commitment to the custody of the AG to a reasonable period of time. *Id*. at 545.

### III. Discussion

Upon review of the parties' arguments and applicable law, the Court finds that the commitment of an incompetent defendant to the custody of the AG is mandatory pursuant to § 4241(d). The Court lacks the discretion to determine that a presumably or arguably non-restorable defendant need not be committed. Furthermore, the Court is unpersuaded by Defendant's arguments that a temporary commitment, limited to a reasonable period of time for the purposes outlined in § 4241(d), is unconstitutional.

In the present case, a court-appointed licensed psychologist, whose qualifications

the parties do not dispute, concluded that Defendant is "not restorable to competency." (Doc. 36 at 6.) Given the evaluation that has already been completed, the Court finds that two months is a reasonable period of time for determining whether Defendant can be restored to competency.

Based on the foregoing,

**IT IS ORDERED:**

1. Defendant's Appeal from the Magistrate Judge's Determination of Commitment and denial of Defendant's Motion for Reconsideration and to Vacate the Order of Remand (Doc. 55) is **denied**. However, the Court will amend the Magistrate Judge's Order of Commitment (Doc. 39) as follows:

    a. Pursuant to 18 U.S.C. § 4241(d), the Defendant is committed to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time, **not to exceed two months**, as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward. The two-month period shall commence on the date the Defendant arrives at the facility.

    b. At the conclusion of the two-month commitment, if Defendant is found to be restorable to competency, the Government shall provide a recommendation to the Court as to the anticipated time period necessary to restore Defendant's competency.

Dated this 1st day of October, 2019.

_____
Honorable Rosemary Márquez
United States District Judge